**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILVIA DE LA PAZ CABEZAS FLORES, | No. 18-70822 |
| Petitioner, | Agency No. A205-852-461 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2020**
San Francisco, California

Before: HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Silvia De La Paz Cabezas Flores petitions for review of the dismissal by the

Board of Immigration Appeals ("BIA") of her appeal from an immigration judge's

("IJ") denial of her applications for asylum, withholding of removal, and relief

from removal under the Convention Against Torture ("CAT") and her motions to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

remand to the IJ. We have jurisdiction under 8 U.S.C. § 1252(b). We deny the petition for review for the reasons that follow.

1. In her opening brief, Petitioner claims asylum and withholding of removal based on membership in the proposed particular social groups of "unprotected females in El Salvador" or "women unable to leave a domestic relationship with a gang member in El Salvador." "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "[I]ssue exhaustion is a jurisdictional requirement . . . ." *Alvarado v. Holder*, 759 F.3d 1121, 1130 (9th Cir. 2014). "To satisfy the exhaustion requirement, [Petitioner] needed to put the BIA on notice in [her] appeal." *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 959 (9th Cir. 2018) (cleaned up). And "the [BIA] does not *per se* err when it concludes that arguments raised for the first time on appeal do not have to be entertained." *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam).

Petitioner failed to administratively exhaust these claims to asylum and withholding of removal. Petitioner did not bring her claim of membership in the proposed particular social group "women unable to leave a domestic relationship with a gang member in El Salvador" before the BIA. And the BIA declined to address her proposed particular social group of "unprotected females in El Salvador" because she did not bring it before the IJ in a timely manner. Petitioner

2

does not argue any exception to the requirement of administrative exhaustion applies. Thus, we lack jurisdiction to consider these claims.

2.    As to the proposed social group Petitioner raised before the IJ and the BIA ("Salvadoran women in common law marriages who are unable to leave their relationships"), Petitioner argues that the BIA and the IJ erred in concluding that her proposed social group did not have the same "immutable" characteristics as "married women in Guatemala who are unable to leave their relationship[s]." *See Matter of A-R-C-G-*, 26 I. & N. Dec. 388, 389 (BIA 2014).[1] "We review the agency's factual findings under the extremely deferential substantial-evidence standard, under which we treat such findings as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Velasquez-Gaspar v. Barr*, ___ F.3d ___, slip op. at 7 (9th Cir. 2020) (internal quotation marks and citation omitted). To establish eligibility for asylum or withholding of removal based on membership in a particular social group, a petitioner must show that the group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014); *see also Rios v. Lynch*, 807 F.3d 1123, 1124 (9th Cir. 2015).

---

[1] Although *Matter of A-R-C-G-* was overruled by *Matter of A-B-*, 27 I. & N. Dec. 316, 317 (A.G. 2018), the court judges this case according to the law at the time of agency adjudication. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

3

Substantial evidence supports the BIA's finding that Petitioner's relationship did not share the same kind of immutability as the relationship in *Matter of A-R-C-G-* because Petitioner did not establish that she was unable to leave her relationship. Although Petitioner had testified she stayed with her abuser for financial support, she also testified that they were not together from 2007 through 2010 (when her abuser lived in the United States) and, after he returned to El Salvador in 2011 until the time she left in October 2012, he was in jail for six months.[2] The IJ and the BIA found it significant that Petitioner was never married to her abuser, and she lived with her abuser for only either 11 months or 29 non-consecutive months. Thus, Petitioner failed to demonstrate that the relationship was of long enough duration that she would be unable to leave the relationship for societal or other reasons.[3] Although Petitioner's proposed social group shares the "common immutable characteristic of gender," *see Matter of A-R-C-G-*, 26 I. & N. Dec. at 392, Petitioner failed to identify evidence in the record to compel a

---

[2] The abusive relationship did not begin until sometime in 2011.

[3] Because Petitioner's claim that she is a member of a group sharing a common immutable characteristic fails, we need not reach her other arguments regarding "particularity" and "social distinction," or that the Salvadoran government is unable or unwilling to protect her from persecution. Neither the IJ nor the BIA reached those issues in finding that she failed to prove that her relationship status was an immutable characteristic.

conclusion that her relationship[4] met the criteria to make it an immutable characteristic, *see id.* at 392–93 (holding that "marital status can be an immutable characteristic where the individual is unable to leave the relationship" because of "societal expectations about gender and subordination" or "legal constraints regarding divorce and separation").

3.      Substantial evidence supports the BIA's and the IJ's conclusion that Petitioner failed to establish she would be tortured by or "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Petitioner asserts that her abuser was friends with local police, and that police were generally too corrupt to prevent abuse by her ex-partner. However, her general allegations of unresponsiveness and corruption do not provide substantial evidence to compel the conclusion that Salvadoran government officials will likely consent or acquiesce to her torture, especially considering her ex-partner had been arrested and jailed multiple times. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016).

4.      Petitioner appeals the denial of her motion to remand to the IJ to consider evidence she suffers from Post-Traumatic Stress Disorder (PTSD). "This

---

[4] Petitioner argues that she is the common law wife of her abuser. However, the IJ found that Petitioner's relationship was not the equivalent of a common law marriage. Petitioner's evidence that spousal rights are granted to persons "who can prove that they lived together as a couple for at least 3 years," does not compel a conclusion that the IJ or the BIA mischaracterized the nature of her relationship.

court reviews BIA denials of motions to reopen," *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 880 (9th Cir. 2011), and to "reconsider," *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017), for abuse of discretion. "The standard for mental incompetency as set by the BIA . . . is a stringent one." *Salgado v. Sessions*, 889 F.3d 982, 989 (9th Cir. 2018). "[A]lleged poor memory without some credible evidence of an inability to comprehend or meaningfully participate in the proceedings does not constitute indicia of incompetency." *Id.*

The BIA did not abuse its discretion in denying Petitioner's motion to remand to the IJ. Petitioner's inconsistent testimony alone would not have obligated the IJ to assess her competency. *See id.* And the BIA did not abuse its discretion in concluding her claim would fail even if she had PTSD because her claim was distinguished from the particular social group in *Matter of A-R-C-G-*. "Further, even though safeguards are only required when an IJ concludes an applicant is incompetent, [Petitioner] was nevertheless afforded the very safeguards contemplated . . . —the opportunity to consult with [an] attorney and to examine witnesses and present evidence." *Salgado*, 889 F.3d at 988. "Any error—and we find none—was harmless." *Id.* at 989.

5.      Petitioner's motion to remand on grounds of ineffective assistance of counsel did not comply with the procedural requirements for such a claim laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988); thus, she is "entitled to relief

only if the ineffectiveness of counsel was plain on its face." *Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019) (internal quotation marks and citation omitted). The BIA did not abuse its discretion in denying Petitioner's motion to reopen proceedings based on alleged ineffective assistance of counsel before the IJ. Her argument that she should not have been required to file a bar complaint because prior counsel merely negligently "made a procedural oversight" is unconvincing. She also elides her failure to inform prior counsel of her allegations. Further, any alleged negligence in failing to recognize and present evidence of Petitioner's PTSD would not have made a difference in the outcome of the case. *See Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005) ("[T]he question before us is whether first counsel's failure to present evidence . . . may have affected the outcome of the proceedings.") (cleaned up).

**PETITION FOR REVIEW DENIED.**